By the Court,

Nelson, Ch. J.
The only material question arising upon the demurrer is, whether the plaintiffs have brought their ease within the act of 1835, (Bess. Laws of 1835, p. 229, see 2 R. S. 274, § 5, 2d ed.,) which enacts, that the assignee for a valuable consideration of any bond, note or other chose in action, which has been assigned, if the assignor he dead and there be no executors or administrators appointed upon his estate, or if they have no interest in the thing so assigned, or shall refuse to prosecute, may sue and recover in his own name upon such bond, note or chose in action ; and then provides that the defendant, until notice of the assignment, may avail himself of any defence that he might have had if the suit had been brought in the name of the assignor.
The radical defect in the declaration is, that Sterling, the assignor, for aught that appears, is alive. He assigned the notes to I. Seeley, and was, at the time, the holder and owner of them, and .as such was competent to transfer them as effectually as if assigned by the payee in his lifetime. Being executor, he stood in the place of his testator. But the death of the assignor is one of the conditions upon the happening of which the suit is authorized to be brought in the name of the assignee, and that is not shown. It is true that Sterling, for the purposes of collecting the assets of the estate, is not regarded here as an executor by virtue of his appointment in Connecticut; but that is no reason for allowing the suit to be maintained in the name of the assignee. The only ground recognized by the statute on which this can be done, is the death of the assignor.
The counsel for the plaintiff sought to bring the case within the act, by maintaining that the assignment must be regarded, in legal effect, as made by the payee of the notes; but no such construction can be given to the act:— *498 and beside, the argument involves the absurdity of assuming that an assignment may be made by a dead man.
It was also insisted, should the suit be held not maintainable by the assignee in this case till the death of Sterling, that if the instrument had passed through the hands of several assignees, no suit could be maintained till the death of all of them; or, at least, till the death of the last assignee. But I do not perceive that this consequence necessarily follows; for Sterling stands, to all intents and purposes as it respects this question, in the place of the payee. His assignment is the assignment of the payee. Being executor of the payee, he is in law the payee assignor. I concede, that the party standing in this relation to the instrument, is the one whose death is contemplated ; and that the death of ah intermediate party would not bring the case within the act. Before the act, the suit could only be brought in the name of the payee or obligee of the chose in action ; and it was in consequence of an inability to use his name, by reason of his death, that the statute allowed a suit to be brought in the name of the assignee. The death of any intermediate party standing in the relation of assignor, would not bring the case within the reason or meaning of, the statute.
There is no difficulty in enforcing the collection of these notes. The case stands upon the law as it has always existed in this state. The executor, or any other person, may take out letters of administration here upon the estate of the payee, and then his remedy, so far as respects title, is complete.
There must be judgment for the defendants on the demurrer, with leave to amend on the usual terms.
Ordered accordingly.